UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA,           :
                                    :
                                    :      No. 06 Cr. 1165 (JFK)
        -against-                   :
                                    :      **MEMORANDUM OPINION &**
                                    :      **ORDER**
GEORGE CABRERA,                     :
                                    :
                 Defendant.         :
-----------------------------------X

**JOHN F. KEENAN, United States District Judge:**

On July 17, 2007, Defendant George Cabrera pleaded guilty before this Court to charges related to conspiracy to distribute heroin, in violation of 21 U.S.C. § 846.  On December 18, 2007, the Court sentenced the Defendant to the statutory mandatory minimum term of imprisonment of 120 months, as well as five years' supervised release.  The following month, on January 14, 2008, the Defendant was sentenced in New York state court to a one-year term of imprisonment on charges of criminal possession of a controlled substance in the first degree.

The Defendant seeks modification of his federal sentence in two pro se motions pending before this Court.  First, in a motion filed November 26, 2014, the Defendant seeks a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2) in light of a retroactive amendment to the U.S. Sentencing Guidelines Manual (the "Guidelines") reducing the guideline sentencing range for certain drug offenses.  Second, in a motion filed March 30,

2015, the Defendant seeks reduction of his sentence to account for what he argues is an erroneous computations of his sentence by the Federal Bureau of Prisons (the "BOP"). For the reasons set forth below, both motions are denied.

### A. 18 U.S.C. § 3582(c)(2) Motion

Effective November 1, 2014, the United States Sentencing Commission adopted Amendment 782 to the U.S. Sentencing Guidelines (the "Guidelines"), which lowered by two levels the base offense levels for certain offenses involving drugs. The Sentencing Commission also adopted an amendment to section 1B1.10 of the Guidelines authorizing retroactive application of the amendment to the drug guidelines.

On November 26, 2014, the Defendant filed a motion seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of the recent Guidelines amendments. On June 17, 2015, the probation department issued a memorandum to this Court indicating that the Defendant is ineligible for a reduction of his sentence.

A district court considering a motion for a sentence modification under § 3582(c)(2) follows a two-step inquiry. "At step one, § 3582(c)(2) requires the court to follow the [Sentencing] Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the

extent of the reduction authorized." Dillon v. United States, 560 U.S. 817, 827 (2010). "Specifically, § 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." Id. (alteration in original) (quoting U.S.S.G. § 1B1.10(b)(1)). If for any number of reasons the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's initial sentencing, then the defendant is not eligible for a sentencing reduction. See U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [a]n amendment . . . does not have the effect of lowering the defendant's applicable guideline range."). Similarly, with respect to the extent of any possible reduction, "[c]ourts generally may not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" produced by the amendment. Dillon, 560 U.S. at 827 (internal quotation marks omitted).

In this case, the Defendant is ineligible for reduction of his sentence because the imposed sentence of 120 months'

3

imprisonment is also the required sentence under the amended Guidelines. Specifically, pursuant to Section 5G1.1(c)(2) of the Guidelines, the bottom of the Defendant's amended guideline sentencing range would be increased to the minimum sentence of 120 months required by statute.

Accordingly, the Defendant's motion for a reduction of his sentence in light of Amendment 782 is denied.

### B. Motion Challenging Sentencing Computation

The Defendant also seeks a sentencing reduction to account for what he claims are errors by the BOP in computing his sentence. Specifically, the Defendant argues (1) that the BOP improperly construed his federal sentence to run consecutive to, rather than concurrent with, his one-year state sentence; and (2) that the BOP erroneously failed to credit him for time in custody between his federal indictment and sentencing.

Insofar as the Defendant challenges the BOP's calculation of his sentence, his motion is procedurally barred. See United States v. Kakar, 746 F. Supp. 369, 370 (S.D.N.Y. 1990) ("Claims for pre-sentence credit must be made by a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and must be brought in the district in which the petitioner is confined or where his custodian is located."); accord United States v. Werber, 51 F.3d 342, 349 (2d Cir. 1995) (recognizing that a challenge to the

BOP's calculation of a sentence under 18 U.S.C. § 3585 is properly raised in a § 2241 petition brought in the district where the movant is imprisoned). At the time the Defendant's motion was filed he was incarcerated in Mississippi, and he is currently incarcerated in Georgia. Accordingly, to the extent the Defendant seeks relief under § 2241, this Court lacks jurisdiction.

Further, if construed as a motion for a sentencing reduction under 18 U.S.C. § 3582(c), the Defendant's application must also be denied. Under Section 3582(c), a court "may not modify a term of imprisonment once it has been imposed," except in certain limited circumstances, such as in the case of a retroactive Guidelines amendment. 18 U.S.C. § 3582(c). The only additional such circumstance arguably relevant to the Defendant's motion is set forth in § 3582(c)(1)(A), which provides that:

> the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

Id. The Defendant is not eligible for relief under this provision as the BOP has not filed a motion on the Defendant's behalf. In any event, the Court notes that there appear to be

5

no "extraordinary or compelling reasons" warranting a reduction based upon the BOP's sentence computation. This Court previously made clear its recommendation that the Defendant's sentence should be run consecutively to his subsequently-imposed state sentence, (see Order, Oct. 23, 2008, ECF No. 18), and there is no indication that the BOP acted outside its discretion in so doing. See Evans v. Larkin, 629 F. App'x 114, 115 (2d Cir. 2015) (summary order) ("We review the BOP's determination whether to designate a state facility for service of a federal sentence under § 3621(b) for an abuse of discretion . . . . 'The decision . . . is plainly and unmistakably within the BOP's discretion and we cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy.'" (quoting Abdul-Malik v. Hawk-Sawyer, 403 F.3d 72, 76 (2d Cir. 2005)).

## Conclusion

For the reasons set forth above, the Defendant's motions at ECF Nos. 19 and 20 are denied. The Clerk of the Court is respectfully directed to terminate both motions.

**SO ORDERED.**

Dated:   New York, New York
         January 25, 2017

*John F. Keenan*
Hon. John F. Keenan
United States District Judge